In re James L. TONNER, Sun P. Tonner, Debtors.

No. 01–42216–JDW.

United States Bankruptcy Court, S.D. Georgia, Savannah Division.

Feb. 26, 2002.

John E. Pytte, Hinesville, GA, for Debtor.

Angela Hinton, Savannah, GA, for Trustee.

## MEMORANDUM OPINION

JAMES D. WALKER, Jr., Bankruptcy Judge.

This matter comes before the Court on Trustee's objection to a claim filed by Debtors on behalf of a governmental unit. This is a core matter within the meaning of 28 U.S.C. § 157(b)(2)(B). After considering the pleadings, the evidence, and the applicable authorities, the Court enters the following findings of fact and conclusions of law in conformance with Federal Rule of Bankruptcy Procedure 7052.

### Findings of Fact

Debtors filed a Chapter 13 petition on July 30, 2001, which constituted an order for relief.[1] In the petition, Debtor listed as one of its creditors a Jefferson County,

---

1. "The commencement of a voluntary case under a chapter of this title constitutes an order for relief under such chapter." 11 U.S.C.A. § 301 (West 1993).

Ohio, agency for child support recovery. By the date set for the first Section 341(a) meeting of creditors on September 7, 2001, the agency had not filed a claim. The deadline for the filing of a claim by the agency was January 28, 2002. A confirmation hearing was held on January 9, 2002, and was continued until February 6, 2002. At the confirmation hearing on February 6–less than 30 days after Jefferson County's time to file had run–Debtors sought to file a claim on behalf of the agency. Trustee objected on the ground that the time to file government claims had expired.

### Conclusions of Law

 Federal Rule of Bankruptcy Procedure 3004 states that

> [i]f a creditor fails to file a proof of claim on or before the first date set for the meeting of creditors called pursuant to § 341(a) of the Code, the debtor or trustee may do so in the name of the creditor, within 30 days after expiration of the time for filing claims prescribed by Rule 3002(c).

FED. R. BANKR. P. 3004. Under Rule 3002(c), the time for the government to file a proof of claim expires 180 days after entry of the order for relief. *Id.* 3002(c)(1). For all other creditors, the time to file a proof of claim expires 90 days after the first date set for the 341(a) meeting. *Id.* 3002(c).[2]

Trustee argues that Congress did not intend for a debtor's time to file a government claim to extend beyond the time the debtor has to file a claim on behalf of other creditors. Trustee does not cite, nor has the Court located any authority to support Trustee's argument. On the contrary, in Section 501(c) of the Bankruptcy Code, Congress specifically gives the debtor the right to file a proof of claim on behalf of a creditor if the creditor fails to do so in the time allowed,[3] and in Section 502(b)(9), Congress specified that the government must have at least 180 days to file a claim.[4] Therefore, the language of the Bankruptcy Code permits a debtor to file a proof of claim on behalf of the government after 180 days following the order for relief. The Bankruptcy Rules flesh out the specifics, and are plain on their face in giving the debtor 30 days to file a proof of claim for the government after the government's 180 days have run. FED. R. BANKR. P. 3002(c)(1), 3004.

Although the Court has found no cases on the issue of when a debtor may file a claim for the government, *In re Jones,* 238 B.R. 338 (Bankr.W.D.Mich.1999) is consistent with a plain language reading of the Bankruptcy Rules. In *Jones,* the debtor filed a proof of claim on behalf of the IRS 205 days after the entry of the order for relief. *Id.* at 341. The court stated in dicta that the debtors had filed the claim "as allowed under [Bankruptcy Code]

---

**2.** Rule 3002(c) reads in relevant part as follows:

> In a chapter 7 liquidation, chapter 12 family farmer's debt adjustment, or chapter 13 individual's debt adjustment case, a proof of claim is timely filed if it is filed not later than 90 days after the first date set for the meeting of creditors called under § 341(a) of the Code, except as follows:
>
> (1) A proof of claim filed by a governmental unit is timely filed if it is filed not later than 180 days after the date of the order for relief.

FED. R. BANKR. P. 3002(c).

**3.** "If a creditor does not timely file a proof of such creditor's claim, the debtor or the trustee may file a proof of such claim." 11 U.S.C.A. § 501(c) (West 1993).

**4.** "[A] claim of a governmental unit shall be timely filed if it is filed before 180 days after the date of the order for relief or such later time as the Federal Rules of Bankruptcy Procedure may provide." 11 U.S.C.A. § 502(b)(9) (West Supp.2001).

§ 501 and [Bankruptcy] Rule 3004." *Id.* at 342. *Collier on Bankruptcy* also provides support for a plain reading of Rules 3002 and 3004, noting that "[t]he 180 day bar date for governmental units created in section 502(b)(9) of the Code and Fed. R. Bankr.P. 3002(c)(1) is the proper point from which to calculate timeliness for purposes of a Fed. R. Bankr.P. 3004 or Fed. R. Bankr.P. 3005 filing." 9 COLLIER ON BANKRUPTCY ¶ 3002.03[1] n. 2 (15th ed. revised 2001).

The Court has considered the Advisory Committee Notes to the Bankruptcy Rules, but found them to be unhelpful on the issue before the Court. For example, the note to Rule 3002 indicates that the government can move for an extension of time to file a claim, but that the debtor or trustee need not do so "because the right to file does not arise until the government's time has expired." FED. R. BANKR. P. 3002 advisory committee note (1983).[5] The language of the comment is inconsistent with Rule 3004 and its Advisory Committee Notes, which indicate that the right to file arises on the day after the date set for the 341(a) meeting, rather than when the creditor's right to file has terminated. If the debtor's right to file arises only after the creditor's time to file has run, the language in Rule 3004 that "[a] proof of claim filed by a creditor pursuant to Rule 3002 or Rule 3003(c), shall supersede the proof filed by the debtor or trustee," would be superfluous. FED. R. BANKR. P. 3004. If the debtor could not file until after the creditor's right to file had terminated, the creditor would be unable to file a superseding claim because a creditor's time

to file is not extended when the debtor files a claim on its behalf.

The note to Rule 3004 is similarly unhelpful. It states that "the debtor or trustee in a chapter 7 or 13 case has 120 days from the first date set for the meeting of creditors to file a claim for the creditor." FED. R. BANKR. P. 3004 advisory committee note (1987). The note does not distinguish between government creditors and other creditors. However, this note was included with the 1987 amendments to the Rules. When the Rules were amended in 1996 to reflect changes in the Bankruptcy Code-including the requirement that government creditors be given at least 180 days to file a proof of claim-no clarification was made to the note.

Because the language of Rules 3002 and 3004 is plain on its face and is consistent with Sections 501(c) and 502(b)(9) of the Bankruptcy Code, the Court concludes that the debtor's time to file a claim on behalf of a government creditor that has failed to file a claim by the first date set for the 341(a) meeting runs from the day after the date set for the meeting until 210 days after the order for relief. In this case, Debtors filed a claim on behalf of Jefferson County both after the date set for the 341(a) meeting and 191 days after the order for relief. Debtors were therefore within the time allowed to file a claim, and Trustee's objection to the filing of the claim is overruled.

---

**5.** The quoted material is part of the note to Rule 3002 as originally promulgated in 1983. Additional notes have been added to Rule 3002 with each amendment of the Rule in 1987, 1991, and 1996. However, none of the subsequent notes or amendments to the Rule appear to render the quoted material ineffective.